# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MARGARITA GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>(1) STATE OF OKLAHOMA *ex rel.*<br>　　DEPARTMENT OF CORRECTIONS;<br>(2) JUSTIN JONES, officially and in his<br>　　individual capacity;<br>(3) MILLICENT NEWTON-EMBRY, in her<br>　　official and individual capacity;<br>(4) JOHN DOES 1-10,<br><br>Defendants. | Case No. CIV-14-291-M |

## COMPLAINT

COMES NOW the Plaintiff, Margarita Gonzalez, and for her Complaint, alleges and states as follows:

### I. THE PARTIES

1.  Plaintiff, Margarita Gonzalez, is an individual residing in El Paso, Texas. The injuries suffered by Ms. Gonzalez occurred within the boundaries of the Federal Western District of Oklahoma.

2.  Department of Corrections is an agency of the State of Oklahoma.

3.  Justin Jones is the director of the Oklahoma Department of Corrections. As director, Mr. Jones is ultimately responsible for all aspects of the agency, including field locations and administrative functions such as personnel, training, budgeting, and overall operation of the agency. He is sued in his official and individual capacities.

4. Millicent Newton-Embry was the warden for the Mabel Bassett Correctional Center during all relevant times and, as such, was responsible for the operation of that facility. She is sued in her official and individual capacities.

5. John Does 1-10 are individual employees and agents of the Oklahoma Department of Corrections who interacted with Plaintiff Gonzalez during her stay at the Mabel Bassett Correctional Facility.

## II. JURISDICTION AND VENUE

6. Venue for this action is appropriate pursuant to 28 U.S.C. § 1391.

7. The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

8. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9. Plaintiff served her Notice of Tort Claim on Warden Millicent Newton-Embry of the Mabel Bassett Correctional Center on or about January 3, 2012. The claim was denied by operation of law on or about April 3, 2012.

## III. OPERATIVE FACTS

10. During all relevant times, Margarita Gonzalez was an inmate under the custody and control of the Oklahoma Department of Corrections. Ms. Gonzalez was housed at the Mabel Bassett Correctional Center.

11. In early October, 2010, medical providers at Mabel Bassett determined that surgery was required to repair a hernia suffered by Ms. Gonzalez, and these medical providers recommended she take such action. Ms. Gonzalez complied with their request and remained hospitalized post surgery for one week.

12. Due to the substandard level of care provided to Ms. Gonzalez during her surgery, she suffered serious medical complications. Ms. Gonzalez sought but was denied appropriate medical care, and as a result she was removed from the infirmary and placed back in general population one day after her return to the infirmary. When she was placed back in the general population, Ms. Gonzalez was not provided the recommended wheelchair or the prescribed antibiotics.

13. Medical staff and her case manager were continually made aware of Ms. Gonzalez's declining health. Ms. Gonzalez's requests for assistance were met with remarks from the medical providers such as, "walk and stop being lazy." Despite these requests no medical care was given to Ms. Gonzalez.

14. After a week of constant pleas for help regarding her medical condition and that she was very ill and in considerable pain, a medical provider finally took time to examine Ms. Gonzalez. This examination revealed a considerable mass on her lower right side. This nurse finally arranged for Ms. Gonzalez to see the facility doctor. In an effort to alleviate Ms. Gonzalez's symptoms, the doctor injected her with a syringe three times to remove liquid from the mass area. While no liquid was removed, the doctor's efforts did produce a foul odor from the syringe entry points, once this task was completed Ms. Gonzalez was returned to general population with a card of antibiotics.

15. The following morning Ms. Gonzalez felt a sudden relief of pressure, but was horrified to see the points where the doctor had injected her with the syringe were leaking feces and blood. Being in need of urgent medical care, she was taken to medical where it was determined she should be transported outside the facility to Lindsay Municipal Hospital. With no regard for her condition or infirmity, Ms. Gonzalez was refused the use of a wheelchair.

16. The doctor that performed the initial surgery determined that Ms. Gonzalez needed to be transported to Mercy Hospital where another surgery was performed. After a week of hospitalization, Ms. Gonzalez was returned to Lindsay. Ms. Gonzalez remained in Lindsay until March of 2011, when it was determined she would require yet another surgery to correct the error of the Mabel Bassett doctor who performed the initial surgery. Upon completion of this Fistula Repair, Ms. Gonzalez remained at Mercy Hospital until March 20, 2011, when she was returned to Lindsay Municipal Hospital. On March 29, 2011, she was then returned to Mabel Bassett Correctional Center.

17. After her return to Mabel Bassett in April, 2011, Ms. Gonzalez was placed in a medical pod, where she slowly began to improve, until another bulge started to form on her stomach in June of 2011.

18. In July, 2011, Ms. Gonzalez fell over an obstacle in her cell door which required a visit to medical to address her injuries. After this occurrence, Ms. Gonzalez failed to get better and so she sought help from Nurse Shipley. Nurse Shipley aided Ms. Gonzalez in getting back in to see the doctor for x-rays. The x-rays were taken that week, but she was not allowed to see the doctor to get the results for roughly three weeks. Ms. Gonzalez was a chronic patient who had suffered multiple surgeries and infirmaries, yet the officials controlling her disregarded the serious nature of her situation and allowed an unacceptable delay in providing her access to the doctor and the x-ray results. The doctor advised Ms. Gonzalez her muscles were merely strained and she should continue to take the ibuprofen.

19. After three more weeks, Ms. Gonzalez requested to be seen again due to the bulge in her stomach increasing in size. Dr. Nemri at Lindsay Municipal was contacted and he requested Ms. Gonzalez be transported back to his facility. It was here Ms. Gonzalez was

consulted by Dr. Magness and she was informed she would ultimately need abdominal wall reconstruction.

20. Ms. Gonzalez is currently awaiting surgery to repair the damage created by the medical providers at Mabel Bassett Correctional Center.

### IV. CONSTITUTIONAL DEFICIENCIES OF MABEL BASSETT CORRECTIONAL CENTER

21. At the time of the incident, the facility was not adequately staffed to maintain necessary supervision or basic medical care for the inmates.

22. The facility and Defendants had a policy or custom failing to provide adequate medical care. First, the facility does not adequately screen inmates for "serious medical problems". Second, the facility does not adequately provide inmates access to medical care. Third, the medical care, when it is provided, is often superficial and meaningless.

### V. CLAIMS AGAINST DEFENDANTS

#### A. NEGLIGENCE

23. Defendants and/or their agents were negligent in connection with their treatment of Ms. Gonzalez. This negligence included, but was not limited to, the following;

- Negligent screening of Plaintiff
- Negligent monitoring of Plaintiff
- Negligent operation of the health care system
- Negligent health care
- Negligent selection of appropriate health care providers
- Creation and maintenance of inadequate system of medical care

24. As a proximate result of the Defendants' conduct, Plaintiff has suffered damages in the form of pain, suffering, disfigurement, emotional distress and economic loss.

## B. 42 U.S.C. § 1983

25. Ms. Gonzalez, as an inmate under the care and custody of the Defendants, had a constitutional right to adequate medical care and conditions of confinement.

26. These rights are guaranteed under the Fourth and Eighth Amendments.

27. Ms. Gonzalez's constitutional rights were violated when Defendants employees and/or agents, including John Does 1-10, were deliberately indifferent to her serious medical needs.

28. The conduct of the Defendants' employees and/or agents "shocks" the conscience and violated Ms. Gonzalez's substantive due process rights.

29. Ms. Gonzalez suffered these constitutional violations as a result of various "policies and customs" that were the moving force behind this, and many other constitutional deprivations.

30. These policies and/or customs include, but are not limited to, the following:

    A. The Defendants deliberately failed to appropriately select, screen, train and supervise its staff in a constitutionally permissible manner.

    B. The Defendants were deliberately indifferent to the inmates' serious medical needs.

31. As a result of these policies and customs, Plaintiff has suffered numerous damages including pain and suffering, disfigurement, emotional distress and economic loss.

32. The policies and customs and/or lack thereof were created and maintained with the personal participation of Defendants Jones and Newton-Embry, both individually and in their official capacities, all in violation of Ms. Gonzalez's constitutional rights.

## VI. **PUNITIVE DAMAGES**

33. Defendants actions amounted to willful and deliberate conduct that was "life threatening" to human beings. As a result Plaintiff is entitled to punitive damages up to and including "Level 3" damages as defined by 12 O.S. § 9.1.

## VII. **PRAYER**

34. WHEREFORE, Plaintiff prays for damages in an amount in excess of TEN THOUSAND DOLLARS ($10,000), plus interest, costs, attorneys' fees and other relief obtainable in law and/or equity.

Respectfully submitted,

*/s/ M. Michael Arnett*

M. MICHAEL ARNETT, OBA#12071
L. JUSTIN LOWE, OBA # 18958
3133 N.W. 63rd Street
Oklahoma City, OK 73116
Telephone: (405) 767-0522
Facsimile: (405)767-0529
Email: mikearnett1@juno.com
       justin@justinlowepc.com
ATTORNEYS FOR PLAINTIFF