IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARGARITA GONZALEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-14-291-D |
| v. | ) | |
| | ) | |
| JUSTIN JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a Texas resident appearing with counsel, has brought this civil rights action pursuant to 42 U.S.C. § 1983. In her Second Amended Complaint filed July 16, 2014, Plaintiff alleges various constitutional deprivations related to her previous confinement at the Mabel Bassett Correctional Center ("MBCC"). The Defendants named in the Second Amended Complaint are former Oklahoma Department of Corrections ("ODOC") Director Justin Jones, former MBCC Warden Millicent Newton-Embry, Dr. Fuller, Laurie Paxson, Miss Fox, Lela Delosier, Angela Johnson, Anajobi, Correctional Officer Simon, Correctional Officer Holmes, and Correctional Officer Bennett, all of whom are sued in their individual capacities.

Defendant Jones and Defendant Newton-Embry have moved to dismiss the Plainitff's claims against them pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon

which relief may be granted, and Plaintiff has responded to the motions.

The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the moving Defendants' Motions to Dismiss be granted and the cause of action against Defendant Jones and Defendant Newton-Embry be dismissed without prejudice.

I. Standard of Review

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's . . . complaint alone is legally sufficient to state a claim for which relief may be granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991). To survive a Rule 12(b)(6) motion, the plaintiff must allege sufficient facts to make his or her "claim for relief . . . plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007. While "[t]echnical fact pleading is not required . . . the complaint must still provide enough factual allegations for a court to infer potential victory." Bryson v. Gonzales, 534 F.3d 1282, 1286 (10th Cir. 2008). If the allegations "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma ex rel. Dep't of Human Servs., 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Twombly, 550 U.S. at 570). Under this standard, the plaintiff's well-pleaded factual allegations are accepted as true and viewed in the light most favorable to the nonmoving party. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007).

II. <u>42 U.S.C. § 1983 Individual Capacity Claims - Defendants Jones and Newton-Embry</u>

In Plaintiff's Second Amended Complaint, Plaintiff has set forth a statement of "operative facts" and alleges a state-law claim of negligence and a 42 U.S.C. § 1983 claim of deliberate indifference to her medical needs under the Eighth Amendment. It is well established that "[i]ndividual liability under §1983 must be based on personal involvement in the alleged constitutional violation." <u>Foote v. Spiegel</u>, 118 F.3d 1416, 1423 (10th Cir. 1997); see <u>Jenkins v. Wood</u>, 81 F.3d 988, 994-995 (10th Cir. 1996)("[P]laintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation.")(internal citation omitted).

In this case, Plaintiff's 42 U.S.C. § 1983 claims are based entirely on the actions or inactions of medical providers and correctional officers at MBCC in connection with her medical care before and after multiple operations to repair a hernia conducted outside of the prison in 2010 and 2011.

Plaintiff specifically mentions Defendant Jones in only one paragraph of the "operative facts" section of the Second Amended Complaint. In this paragraph, Plaintiff asserts that Defendant Jones was the ODOC Director "during the incidents complained of herein" and was responsible for an annual review of ODOC's health services policy and for determining revisions to and compliance with that policy. Plaintiff alleges that Defendant Jones should be liable to her under 42 U.S.C. § 1983 for "a gross lack of supervision and investigation" concerning MBCC staff's compliance with the health services policy.

There are no factual assertions in the Second Amended Complaint that Defendant

3

Jones was aware of or responsible for the medical treatment provided to Plaintiff during her confinement at MBCC. The generalized assertions in the Second Amended Complaint of liability by or conduct by "Defendants" is inadequate to state a plausible claim for relief under 42 U.S.C. § 1983 against a specific Defendant.

Plaintiff's § 1983 claim against Defendant Jones is based purely on Defendant Jones' supervisory capacity. But "[s]ection 1983 does not authorize liability under a theory of respondeat superior." Brown v. Montoya, 662 F.3d 1152, 1164 (10th Cir. 2011). Thus, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct," not the conduct of individuals being supervised. Aschcroft v. Iqbal, 556 U.S. 662, 677 (2009). See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008)("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.")(internal quotations omitted). "The plaintiff therefore must show an 'affirmative link' between the supervisor and the constitutional violation." Schneider v. City of Grand Junction Police Dep't, 717 F.3d 760, 767 (10th Cir. 2013).

To sufficiently allege the personal involvement of a supervisor, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. The plaintiff must also "show that the defendant's alleged action(s) caused the constitutional violation." Schneider, 717 F.3d at 768. See Wilson v. Montano, 715 F.3d 847, 858 (10th Cir. 2013)("To establish a violation of §1983 by a defendant-supervisor, the plaintiff must establish, at a minimum, a deliberate and intentional act on the part of the supervisor to violate the plaintiff's legal rights."). Plaintiff

4

has not plausibly alleged in the Second Amended Complaint that Defendant Jones' "own individual actions" caused the alleged constitutional deprivation of deliberate indifference to her medical needs.

A deliberate indifference claim has two components. First, under the objective component, the alleged deprivation must be "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, under the subjective component, the specific prison official must have a "sufficiently culpable state of mind," which requires that the official "know[ ] of and disregard[ ] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 834, 837. Plaintiff's Second Amended Complaint does not plausibly allege Defendant Jones was aware of and ignored any substantial risk of serious harm to Plaintiff, took any actions with respect to Plaintiff's medical care, or in any way caused the alleged deliberate indifference to her medical needs.

As to Defendant Newton-Embry, Plaintiff has asserted similar conclusory claims based entirely on Defendant Newton-Embry's supervisory capacity as the former Warden of MBCC. Plaintiff alleges that "[h]ad [Defendant] Newton-Embry reviewed the medical complaints and requests made of her staff, [Plaintiff's] plight could have been avoided." Plaintiff again mentions ODOC's health services policy and alleges that Defendant Newton-Embry should be liable to her for "a gross lack of supervision and investigation" into MBCC staff's compliance with the policy.

Plaintiff has not plausibly alleged in the Second Amended Complaint that Defendant

Newton-Embry's "own individual actions" caused the alleged constitutional deprivation of deliberate indifference to her medical needs. Plaintiff's Second Amended Complaint also does not plausibly allege Defendant Newton-Embry was aware of and ignored any substantial risk of serious harm to Plaintiff, took any actions with respect to Plaintiff's medical care, or in any way caused the alleged deliberate indifference to her medical needs.

In one sentence in the Second Amended Complaint, Plaintiff has alleged in a conclusory manner that "[t]he Defendants deliberately failed to appropriately select, screen, train and supervise its [sic] staff in a constitutionally permissible manner." In City of Canton v. Harris, 489 U.S. 378, 387 (1989), the Supreme Court held that "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for [municipal] liability under § 1983." See Connick v. Thompson, __ U.S. __, 131 S.Ct. 1350, 1360 (2011)("'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.")(quoting Bd. Of Cnty. Comm'rs v. Brown, 520 U.S. 397, 409 (1997)). In this case, Plaintiff has not alleged a cause of action against a municipality.

Moreover, even if failure-to-train liability under § 1983 extends outside of the municipal setting, Plaintiff has presented only generalized and conclusory allegations that are not supported by any facts showing Defendants Jones or Newton-Embry were deliberately indifferent by failing to supervise or train any employees. The existence of state policies or regulations, without any supporting facts creating an inference that specific policies directly resulted in injury to Plaintiff, does not create an inference of personal

participation by former ODOC Director Jones or by former MBCC Warden Newton-Embry.

Consequently, Defendant Jones' Motion to Dismiss Plaintiff's 42 U.S.C. § 1983 claims against him under Fed. R. Civ. P. 12(b)(6) for failure to state a claim and Defendant Newton-Embry's Motion to Dismiss Plaintiff's 42 U.S.C. § 1983 claims against her under Fed. R. Civ. P. 12(b)(6) for failure to state a claim should be granted, and the cause of action against Defendants Jones and Newton-Embry should be dismissed without prejudice.

III. Negligence Claims Against Defendant Jones and Defendant Newton-Embry

Plaintiff alleges that Defendants Jones and Newton-Embry should be liable to him for negligence for (1) negligently screening Plaintiff, (2) negligently monitoring Plaintiff, (3) negligently operating the "health care system" at MBCC, (4) negligently providing medical care to Plaintiff, (5) negligently selecting appropriate health care providers for Plaintiff, and (6) creating and maintaining an "inadequate system of medical care." Second Amended Complaint, at 9.

To prevail on a negligence claim under Oklahoma law, a plaintiff must show "the existence of a duty owed by the defendant to the plaintiff to use ordinary care, a breach of that duty, and an injury proximately caused by the defendant's breach of duty." Comer v. Preferred Risk Mut. Ins. Co., 991 P.2d 1006, 1010 (Okla. 1999). Although Plaintiff alleges that Defendants Jones and Newton-Embry failed to ensure compliance with unspecific health policies, Plaintiff has not alleged sufficient facts to state a plausible claim of the existence of and breach of a duty on the part of these Defendants with respect to any medical care Plaintiff received during her confinement at MBCC.

7

Under the Oklahoma Governmental Tort Claims Act ("OGTCA"), Okla. Stat. tit. 51, § 152.1(A), Oklahoma "[s]tate employees acting within the scope of their employment are relieved . . . of private liability for tortious conduct." Anderson v. Eichner, 890 P.2d 1329, 1336 (Okla. 1994). See Berglund v. Pottawatomie County Bd. of County Comm'rs, 350 Fed. Appx. 265, 272 (10th Cir. 2009)(unpublished op.)("Generally speaking, pursuant to the [OGTCA] the state, its political subdivisions, and their employees are immune from liability for acts of employees taken within the scope of their employment."). As Defendants Jones and Newton-Embry argue in their Motions, Plaintiff has not alleged any actions by them that could plausibly be considered actions taken outside the scope of their state employment. Consequently, Defendants Jones and Newton-Embry's Motions to Dismiss Plaintiff's state-law-based negligence claims against them pursuant to Fed. R. Civ. P. 12(b)(6) should be granted in light of the immunity afforded them under the OGTCA, and the negligence claims against Defendants Jones and Newton-Embry should be dismissed without prejudice.

RECOMMENDATION

Based on the foregoing findings, it is recommended that Defendant Jones' Motion to Dismiss (Doc. # 23) and Defendant Newton-Embry's Motion to Dismiss (Doc. # 24) be GRANTED for failure to state a claim upon which relief may be granted and immunity, and that Plaintiff's cause of action against these Defendants be DISMISSED without prejudice. The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by _____ September 15th, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this

Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation partially disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this   25th   day of   August  , 2014.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE