IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MARGARITA GONZALEZ,            )
                               )
       Plaintiff,          )
                               )
                               )    CIV-14-291-D
v.                             )
                               )
JUSTIN JONES, et al.,          )
                               )
       Defendants.         )

SECOND SUPPLEMENTAL REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Response to Show Cause Order.[1] On November 24, 2014, the undersigned entered an Order to Show Cause directing Plaintiff to show cause on or before December 15, 2014, for her failure to serve the remaining Defendants Fuller, Paxson, Fox, Delosier, Johnson, Anajobi, Simon, Holmes, and Bennett with process within 120 days of the filing of the Second Amended Complaint, as required by Rule 4(m), Fed.R.Civ.P.[2]

---

[1] Plaintiff is being represented by two attorneys, Mr. Michael Arnett and Mr. Justin Lowe. However, neither attorney has complied with LCvR 83.4 by entering an appearance in this matter.

[2] Former Defendants Jones and Newton-Embry, sued only in their individual capacities in the Second Amended Complaint, were previously dismissed from the action without prejudice. Former Defendants Oklahoma Department of Corrections, Patton, and Moham, who are not named as Defendants in the Second Amended Complaint, were also previously dismissed from the lawsuit with prejudice, as was the action against former Defendants Jones and Newton-Embry in their official capacities.

1

Rule 4(m) provides that if "service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice." Rule 4(m) further provides, however, that the court may extend the time for service if the plaintiff shows "good cause" for the failure to timely serve the defendant.

"If good cause is shown, the plaintiff is entitled to a mandatory extension of time." Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). "If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the cause without prejudice or extend the time for service." Id.

In this case, the Second Amended Complaint was filed on July 16, 2014, and the 120-day time period for effecting service of process on the Defendants named in the Second Amended Complaint expired on November 13, 2014. In her responsive pleading (Doc. #37), Plaintiff, through one of her attorneys, Mr. Lowe, asserts only one basis for cause. She asserts that she was unable to ascertain the "full names or mailing addresses" for the remaining Defendants, and that she has now "filed Summons" for "some of" these Defendants on December 3, 2014.

Taking judicial notice of the Court's records, summonses for Lela Delozier[3], Anjela Johnson, Melissa Fox, Laurie Paxson, and John Fuller were issued by the Court Clerk on

---

[3]Defendant Delozier was apparently incorrectly identified as Lela Delosier in the Second Amended Complaint.

December 3, 2014. Returns of summonses were filed on December 12, 2014, by Plaintiff for Defendants Fox, Paxson, Fuller, Johnson, and Delozier.

In each instance, the returns consist of an Affidavit of Service of Summons in a Civil Action signed by Mr. Lowe. In the return filed for Defendant Fox, Mr. Lowe avers that Defendant Melissa Fox was served with process at the address for Mabel Bassett Correctional Center ("MBCC") on December 10, 2014. (Doc. # 32). However, the certified mail receipt attached to Mr. Lowe's affidavit reflects that the receipt was signed by Mr. James Well, not Ms. Fox, and Mr. Well noted on the return that the date of delivery of the summons was "10-12-14." That date of delivery cannot be accurate, however, because the post-mark on the certified mail envelope addressed to Defendant Fox bears the date of December 9, 2014, indicating that Mr. Well inadvertently placed the wrong date of delivery on the return receipt.

In a second return, Mr. Lowe avers that Defendant Laurie Paxson was served at MBCC's address on December 10, 2014. (Doc. # 33). However, again, the certified mail receipt attached to Mr. Lowe's affidavit reflects that the receipt was signed by Mr. James Well, not Ms. Paxson, on "10-12-14." Again, nevertheless, the post-mark on the certified mail envelope addressed to Defendant Paxson bears the date of December 9, 2014, indicating that Mr. Well inadvertently placed the wrong date of delivery on the return receipt.

In the third return, Mr. Lowe avers that Defendant John Fuller was served at MBCC on December 10, 2014. (Doc. # 34). However, again, the certified mail receipt attached to Mr. Lowe's affidavit reflects that the receipt was signed Mr. James Well, not Mr. Fuller, on

3

"10-12-14." Again, nevertheless, the post-mark on the certified mail envelope addressed to Defendant Fuller bears the date of December 9, 2014, indicating that Mr. Well inadvertently placed the wrong date of delivery on the return receipt.

In the fourth return, Mr. Lowe avers that Defendant Anjela Johnson was served at MBCC on December 10, 2014. (Doc. # 35). However, again, the certified mail receipt attached to Mr. Lowe's affidavit reflects that the receipt was signed by Mr. James Well, not Ms. Johnson, on "10-12-14." Again, nevertheless, the post-mark on the certified mail envelope addressed to Defendant Johnson bears the date of December 9, 2014, indicating that Mr. Well inadvertently placed the wrong date of delivery on the return receipt.

In the fifth return, Mr. Lowe avers that Defendant Lelia Delozier was served at MBCC on December 10, 2014. (Doc. #36). However, again, the certified mail receipt attached to Mr. Lowe's affidavit reflects that the receipt was signed by Mr. James Well, not Ms. Delozier, on "10-12-14." Again, nevertheless, the post-mark on the certified mail envelope addressed to Defendant Delozier bears the date of December 9, 2014, indicating that Mr. Well inadvertently placed the wrong date of delivery on the return receipt.

The factual discrepancies between Mr. Lowe's averments and the returns themselves are distressing. More importantly, however, none of the certified mail receipts directed to Defendants Fox, Paxson, Fuller, Johnson, and Delozier were restricted to the addressee, there is no evidence that Mr. Well was authorized to accept service of process for these Defendants, and none of the purportedly served Defendants has entered an appearance in this action.

4

Even assuming the truth of Mr. Lowe's averments that each of these Defendants was served with process at MBCC on December 10, 2014, that date was well after the expiration of the 120-day time period for effecting service of process on these remaining Defendants. Nor has Plaintiff shown any attempt to effect service of process upon Defendants Anajobi, Simon, Holmes, or Bennett.

Because the gist of Plaintiff's cause of action, as alleged in her Second Amended Complaint, is that officials and medical staff at MBCC deprived her of Eighth Amendment protections, Plaintiff has not provided a legitimate reason for failing to timely serve Defendants Fuller, Paxson, Fox, Delosier, Johnson, Anajobi, Simon, Holmes, and Bennett. Plaintiff alleged in her Second Amended Complaint that each of these Defendants, Dr. Fuller, Laurie Paxson, physician's assistant Fox, Lela Delosier, Anjela Johnson, unit manager Anajobi, correctional officer Simon, correctional officer Holmes, and correctional officer Bennett either worked at MBCC or provided medical services to inmates at MBCC. See Second Amended Complaint (Doc. # 21), at 2-3. Consequently, the names of these Defendants and at least their business addresses were easily identifiable at the time the Second Amended Complaint was filed on July 16, 2014. Yet, Plaintiff has not provided any specific factual allegations of ANY efforts to serve these Defendants with process until after the 120-day time period for completion of service of process expired.

"The good cause provision of Rule 4[m] should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1438 (10th Cir. 1994). Plaintiff's vague

statement that she has been "unable to locate the full names or mailing addresses for the Defendants named in the Second Amended Complaint" does not show cause for her failure to timely serve the remaining Defendants.

When a plaintiff fails to show good cause for untimely service, "the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service." Espinoza, 52 F.3d at 841. Recognized factors guiding the use of the Court's discretion on this issue include (1) whether the statute of limitations would bar a refiled action and (2) whether the plaintiff has sued the United States and has properly and timely effected service on either the United States Attorney or the Attorney General.

"Although a statute of limitations problem counsels against dismissal, . . ., this factor alone is not determinative of a finding of good cause." May v. Okla. Dep't of Corrections, 215 F.3d 1337 (Table), 2000 WL 633244, *2 (10th Cir. 2000)(unpublished op.)(citing Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1439 (10th Cir.1994)). Plaintiff filed her initial Complaint on March 25, 2014, and her Second Amended Complaint on July 16, 2014. The allegations in the Second Amended Complaint involve actions or inactions by these Defendants that allegedly occurred at the latest in July 2011 or "three more weeks" after July 2011. Second Amended Complaint (Doc. # 21), at 7. Thus, the prevailing two-year statute of limitations governing her 42 U.S.C. § 1983 and state tort claims might expire prior to the refiling of an action against the remaining Defendants. However, this factor is not alone sufficient to warrant a permissive extension of time to complete service of process,

and Plaintiff's response to the Court's show cause Order does not set forth any reasons for granting a permissive extension of the 120-day period for service.

In the Court's Order entered November 24, 2014, Plaintiff was notified of the undersigned's intention to recommend the dismissal of the action without prejudice as to the remaining Defendants unless she showed cause on or before December 15, 2014 for the failure to serve the Defendants as required by Rule 4(m). She has not done so. For the foregoing reasons, it is recommended that the remaining Defendants Fuller, Paxson, Fox, Delosier, Johnson, Anajobi, Simon, Holmes, and Bennett be DISMISSED from the action without prejudice for failure to timely serve these Defendants with process.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action against Defendants Fuller, Paxson, Fox, Delosier, Johnson, Anajobi, Simon, Holmes, and Bennett be DISMISSED without prejudice for failure to timely serve these Defendants. Plaintiff is advised of the right to file an objection to this Second Supplemental Report and Recommendation with the Clerk of this Court by ___January 20th___, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Second Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Second Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   29th   day of   December  , 2014.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE